I will as shortly, and as plainly as I can, state my opinion upon the several points made in this case.
The plaintiffs' grant is dated on the 15th of September, 1787, the defendant's in 1794; if there is nothing more given in evidence, the plaintiffs' grant will confer the best title. But the defendant has given in evidence an entry (here he called for the entry and read it). If this be a special entry, then the defendant's grant relates to it and takes effect from the date of it, which will be prior to that of the plaintiffs' grant. The first call, which is the waters of Harpeth, is what lawyers term a directing call; it directs in what quarter of the country to go in order to inquire for the neighborhood where the land is. Two miles south of the military line is also directory. To include an old Buffaloe lick; this is a special call. There have been many decisions upon this point in the State, and it is far better to adhere to ancient determinations than to keep the law continually vibrating from one point to another by departing from them on every new occasion. And the decisions I speak of here establish that a lick, spring, and the like, where called for, render the entry a special one, and that the survey may be made as the surveyor thinks proper, provided the lick or spring, or other such like call, be included in any part of the survey.
As to the grant of the plaintiffs being founded on a military warrant, and being upon lands beyond the military bounds, I am of opinion that such grants are void. And with respect to the controversy, whether the line run by the commissioners and marked is to be considered as the true military boundary line or that described by the legislature, I am of opinion that the line marked by the commissioners is to be deemed the true one, so far as they ran and marked, if there be proof sufficient that the commissioners were appointed by proper authority, and had power *Page 67 
to run and mark that line. Where commissioners are appointed by public authority, whatever they do as commissioners is binding on the public, though it be disapproved of. If, for instance, commissioners be appointed to run a State line or county line, and they do it, it is to be considered as the true line until the contrary be declared.
OVERTON, J., absent.
Ex relatione Mr. HAYWOOD.
[The following cases in the. Superior Court are not inserted in chronological order, owing to the copies not having been received in time; they are believed to be not the less useful on that account.]